```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DAVID M. KIMMEL,

        Plaintiff,
                                         MEMORANDUM & ORDER
           -against-
                                         20-cv-1074 (KAM)(ARL)
NEW YORK STATE ASSEMBLY; NEW YORK
STATE SENATE; and NEW YORK STATE         NOT FOR PUBLICATION
GOVERNOR ANDREW CUOMO,

        Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

On February 19, 2020, plaintiff David M. Kimmel, appearing *pro se,* filed this complaint against New York State's Senate, Assembly, and Governor seeking to enjoin a recently-enacted state law, the New York Driver's License Access and Privacy Act, more commonly referred to as the "Green Light Law."[1] Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Order.  The complaint is dismissed without prejudice because plaintiff does not have standing to bring this action.

## BACKGROUND

The court assumes the truth of the allegations in the complaint for the purpose of this Memorandum and Order.

---

[1] The Green Light law, enacted on June 17, 2019, *see* Ch. 37, 2019 N.Y. Laws, provides, in part, that proof of lawful presence in the United States is not required in order to obtain a driver's license.

1

Plaintiff, a resident of Nassau County, objects to the Green Light Law on the basis that it allows "illegal aliens" to obtain driver's licenses. (ECF No. 1, Complaint ("Compl.") 6, 8.) He alleges that the Green Light Law violates his constitutional rights, specifically Article I, Section 10, Article IV, Section 2, and the Tenth Amendment. (*Id.* 4, 6, 7.) He seeks "$20 in expenses for prep costs" and "a federal injunction to stay the process of providing illegal aliens with drivers licenses until such time as a court-ordered state-wide referendum can be performed." (*Id.* 8.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than normal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 90 F.3d 411, 416-17 (2d Cir. 2015) (a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . .") (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

**DISCUSSION**

Plaintiff does not have standing to challenge the constitutionality of the Green Light Law in this court, and consequently, the court lacks subject matter jurisdiction over his claims. His generalized grievance reflects his disapproval

3

of the legislature's and governor's political judgment, not a concrete and particularized injury to him personally. "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.' One component of the case-or-controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar elements of injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Plaintiff, as the party seeking to invoke the court's jurisdiction, must establish that he has standing, and by extension, that subject matter jurisdiction exists. *United States v. Hays,* 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'") (quoting *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 230-31 (1990)).

To satisfy the first part of the standing requirement, "a plaintiff must show an injury in fact—his pleading and proof that he has suffered the "invasion of a legally protected interest" that is "concrete and particularized," *i.e.,* which "affect[s] the plaintiff in a personal and individual way." *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, and n. 1 (1992). Thus, "[s]tanding to sue, in the Constitutional sense, 'is the showing by a plaintiff that his particular grievance meets this standard, the 'essence of which is the presence of

4

'injury in fact' suffered by the plaintiff as a result of the defendant's actions.'" *Brady v. Basic Research, LLC*, 101 F. Supp. 3d 217, 227 (E.D.N.Y. 2015) (quoting *Evans v. Hills*, 537 F.2d 571, 591 (2d Cir. 1975)); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (noting that an injury-in-fact is "[f]irst and foremost" among the elements of Article III standing).

A plaintiff "seeking relief that no more directly and tangibly benefits him than it does the public at large does not state an Article III case or controversy." *Hollingsworth v. Perry,* 570 U.S. 693, 704. A "generalized grievance, no matter how sincere, is insufficient to confer standing." *Id.* "The courts are not a 'vehicle for the vindication of value interests,' nor is their proper role to superintend the political judgment of democratically elected legislators." *Amsterdam v. Abercrombie*, No. CIV. 13-00649 SOM-KS, 2014 WL 689764, at *3 (D. Haw. Feb. 19, 2014), *aff'd sub nom. Amsterdam v. Ige*, 667 F. App'x 981 (9th Cir. 2016) (quoting *Diamond v. Charles,* 476 U.S. 54, 62 (1986), and citing *Hein v. Freedom From Religion Found., Inc.,* 551 U.S. 587, 598–99 (2007) ("[T]he judicial power of the United States defined by Art. III is not an unconditioned authority to determine the [lawfulness of] legislative or executive acts.")).

Even after construing the complaint to "raise the strongest arguments" it suggests, this court finds that plaintiff has failed to allege that he has Article III standing. Plaintiff does not even attempt to identify an injury, much less an injury specific to him. Although he asserts that federal immigration law preempts state law, (Compl. 7 ("All immigration law . . . is under the unalloyed authority of the federal government.")), plaintiff has not demonstrated that he *personally* suffered any actual or imminent legally cognizable injury. *See, e.g., Hays,* 515 at 743 (it is well-settled that the constitutional minimum of standing requires, among other things, that a plaintiff allege that he or she has suffered an injury in fact, which is a concrete and particularized invasion of a legally protected interest that is actual or imminent). "In other words, while Plaintiff may strenuously disagree with the Green Light Law, he is not the proper party to challenge its legitimacy because he has failed to establish an injury that is recognized under the law." *Kearns v. Cuomo*, 415 F. Supp. 3d 319, 323 (W.D.N.Y. 2019), *appeal docketed*, No. 19-3769 (2d Cir. Nov. 13, 2019) (County Clerk's challenge to Green Light Law contending that its provisions are preempted by federal immigration law dismissed for lack of standing). "Plaintiff has failed to meet his burden to plausibly allege that he has suffered or will imminently suffer 'a concrete and

6

particularized injury that is fairly traceable' to the implementation of the Green Light Law." *Id.* (quoting *Hollingsworth v. Perry,* 570 U.S. at 704).

Therefore, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Makarova*, 201 F.3d at 113 (a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Ordinarily, *pro se* plaintiffs are granted opportunities to amend their complaints freely, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000); however, courts need not afford plaintiffs an opportunity to amend where it is clear that any attempt to amend the complaint would be futile. *See Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) ("Leave to amend may properly be denied if the amendment would be futile.") (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)). A pleading amendment would not cure plaintiff's standing deficiency, and therefore, leave to amend is denied.

The Second Circuit has also made clear that, "where a case is dismissed for lack of Article III standing, as here,

7

that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (emphasis in original, citation omitted).  Accordingly, the Clerk of Court is respectfully directed to: (1) enter judgment in favor of defendants, without prejudice; (2) to serve a copy of this order, the judgment, and an appeals packet on plaintiff at the address of record, and note service on the docket; and (3) close this case.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   October 26, 2020
         Brooklyn, New York

                                         _____/s/_____
                                         Kiyo A. Matsumoto
                                         United States District Judge